**Plaintiff's Complaint**

1. Plaintiff states disqualified letter is a fraudulent illegal government document that should not have been sent or acted upon.

2. Plaintiff states Defendants terminated benefits during the pandemic, the plaintiff's only source of income, violating the Plaintiff's Constitutional rights.

3. Plaintiff states he does not own any overpayments and that the ESD stated so back on December 7th, 2020.

4. Plaintiff states Defendants are a party, along with the State Auditor's Office and Accellion USA in the theft of the Plaintiff's PII, during the Accellion Data Breach.

5. Plaintiff states former employer, Teri Goen, created false statements to the ESD Commission.

6. Plaintiff states ESD Commission acted unethical, disregarded facts and sided with employer Teri Goen.

By March 6, 2020 I did not have 680 hours and made $1,793.00 in employment income, both in a W2 (January) unreported income (February) and a 1099 misc (March).

I was living with my family in San Antonio, Texas (Domicile). I returned home on Christmas Eve 2019, from Seattle, Washington. I was going to return to Seattle after the 3rd of January 2020 because I was owed a check on that day, I contacted my manager to mail my check so I could return, but check never came and by the 12th, I was already working in my suitable profession. It is not uncommon for an independent contractor in the entertainment event industry to be on several call lists with several companies, after not receiving my check by the 8th, I decided to look for work in my suitable profession. I called my previous employer again, this time not calling my manager but rather the owner (this is why he says he did not hear from me till later in the month, because the manager never told him I called the first time, I don't know this for sure maybe manager didn't say I called)…regardless, I finally received my check and my bank evidence shows it was cashed on January 31st, 2020 .

My last day of work ended due to COVID on March 6th, 2020 as an independent contractor earning a 1099 misc. A work classification I have been a part of since 2009.  So when I applied for unemployment benefits, I was applying for PUA. However neither unemployment department, TWC or ESD were competent in their recommendations and mislead me down a path I should not have been on.

In regards to which State I should apply.

According to: 20 CFR Part 625 – DISASTER UNEMPLOYMENT ASSISTANCE

§ 625.12 The applicable State for an individual.

> *(a) Applicable State. **The applicable State for an individual shall be that State in which the individual's unemployment is the result of a major disaster.***

ESD's Commission Review Board admitted ESD made a mistake in processing my claim in the wrong state. *1

First, I contacted the Texas Workforce Commission (TWC) on March 15th, 2020. They stated I did not have any hours or wages to declare, although I said I did and stated I lost my job due to COVID-19 on Friday, March 6, 2020. They asked if I had worked in any other state last year (2019), I said, "Yes, in Seattle." and they recommend I contact ESD instead of recommending to wait until the Cares Act passes and to wait till I received all my checks my last employer owed me.

Instead,

The Employment Security Department withheld my finances to TWC which I put down on my original ESD application on March 18th, 2020, when TWC said to ESD I did not have any wages and hours to declare, ESD should have said, "Yes, he does and it's on his application."

This withholding of financial information was the cause of all that is to happen from here on out, because if the financial information would have been disclosed, the I would not have filed in Washington.

However…

After the Cares Act passed and being eligible for PUA…

ESD went with what TWC said and sent letter to me dated March 30th, 2020, stating:

***"The state of Texas did not report any wage information to us."***

of course not, but again, I did on my original application on March 18th, 2020.

Then they went into my work history finding a W2 "Re-Determined" my claim and then used that w2 against me a year later. (Not a requirement for PUA)

According to a later conversation with a state employee, this should not have happened.*2

On March 30th, 2020 letter ESD stated:

***We have determined:***

- ***You may receive up to $0 each week you are eligible for unemployment benefits.***
- ***The total amount you can receive for your benefit year is $0.***
- ***Your benefit year is Mar 15 2020 to Mar 13 2021.***
  ***The amount you may get each week and the total amount you can receive are based on the hours you worked and wages you received between Oct 1 2018 to Sept 30 2019.***

ESD determined not eligible for regular UI benefits.

On April 3rd, 2020, ESD sent letter stating: *"ALTERNATE BASE YEAR, Your first monetary determination will show your original claim as invalid (under 680) hours."*

Again, ESD is saying I'm ineligible for regular UI benefits.

On April 4th, 2020, another letter from ESD now I had enough hours but did not earn enough wages in 2019 for regular UI benefits

ESD again saying I'm not eligible.

Nullification = A name given to the action whereby a state refuses to follow a federal law. Under this the state decides that a federal law is unconstitutional and thereby does not follow the law.

According to the Cares Act in discussing PUA : —The term ''covered individual''— (A) means an individual who— (i) is **not eligible for regular compensation**…and…(II) is **self-employed**, is seeking part-time employment, **does not have sufficient work history**, or otherwise would not qualify for regular unemployment.*3

ESD did not offer me an opportunity to apply for PUA.*4

ESD stated however, that they needed to find out first if I was eligible in another state, which I was and it is policy that claimants file in the State they are in at the time of filing claim and that the claimant chooses which State to file in. Both of these policies were denied to me.

### *Reduced verification requirements for PUA* *5

The new PUA program expanded unemployment benefits to new classes of workers not previously eligible, such as self-employed workers and gig workers. PUA allowed eligibility for these people if they were not considered able and available for work for reasons related to the coronavirus pandemic. The program did not apply the typical verifications required for regular unemployment benefits. For example, when applying for other unemployment funding, claimants are typically required to provide verification of prior employment, such as a pay stub or W-2. The Department also verified the claimant's employment with the prior employer. These verification steps are not required to receive PUA funding.

The U.S. Department of Labor's Employment and Training Administration instructed States not to require people applying for PUA to provide documentation to support their employment. (End of quote)

Workers in my position, had their claims disqualified as a result of ESD's hasty fraud-response measures, which used a profiling system to stop payments on 200,000 claims until a specialist could verify their identity. – ESD Specialist, Supervisors and Management Failed in this regard.

Also due to their failing system, I became a victim of the Accellion Data Breach.

SAO determined that data files from the Employment Security Department (ESD) were impacted. These ESD data files contained unemployment compensation claim information including the person's name, social security number and/or driver's license or state identification number, date of birth, bank account number and bank routing number, and place of employment.*6

ESD not only profiled me (Discrimination) but based their measures on a previous w2 employer, made me file a false appeal, after I sent countless requests and complaints for and to them to    "Fix" the issue(s).

Between this time, late January 2021 through mid April 2021, after running out of my only income, I was not able to purchase food or necessities , suffering from malnutrition, suicidal thoughts and psychological issues, (Due to ESD Supervisor's gaslighting psychological tactics , this was performed by more than one Supervisor, it was an ongoing problem) I had a choice of going into a life of crime or selling my possessions… I had no choice but to sell my possessions, what little I had.

Before termination, pandemic benefits was my only source of income, my livelihood, my only means of living.

 First, I thought it must be a low-level employee mistake, well now I know differently. Everybody involved in the Employment Security Department, knew about it, from the Commissioner on down. Former Commissioner Susan G. LeVine admitted to workers being put into the wrong beneficiary program, ESD spokesperson Nick Demerice, stated: *"Workers who were paid from the wrong program also received overpayment notices, even if they weren't expected to pay any money back. Many of those issues are being resolved by transferring workers to the correct program, without requiring workers to pay anything."* – A false statement. *7

ESD stayed, *"If you did not cause the overpayment, we will send you a form to request a waiver. A waiver means you may not be required to payback some or all of the overpayment: Under limited circumstances, we may waive the overpayment."*---No waiver was ever published and sent to me.*8

According to the Department of Labor in their "***Questions and Answers: Federal Pandemic Unemployment Compensation (FPUC) Program.***" In regards to Overpayments:

"7. Question: May the state apply its own state law waiver provisions to FPUC Overpayments?

Answer: Section 2104(f)(2) of the CARES Act permits the state to waive the repayment if the state determines that the payment of FPUC was without fault on the part of the Individual and such repayment would be contrary to equity and good conscience. If the
State law minimum requirements for the waiver of overpayments already require that these Conditions be met, then the state can use its own provisions for waiver. The state is Reminded that waiver determinations must be made on the facts and circumstance of each
Individual claim, blanket waivers are not permissible. For example, states cannot waive Overpayment due to administrative error for a group of individuals before first Assessing and Documenting why each individual meets the state's waiver requirements. Additionally, the
State does not have to waive the FPUC overpayment if its law prohibits the waiver of Overpayments. Failure to establish an individual's eligibility for the regular UI programs and the Extended
benefit program is a conformity and substantial compliance issue and failure to establish eligibility for PUA or PEUC is contrary to the state's agreement to administer the program And could result in termination of the agreement. States may not waive overpayments under the CARES Act if the state has not properly established, on an individual basis, that the Statutory requirements for such waiver have been met."

The Defendant's failed to properly establish the Plaintiff's requirements for overpayment waiver.

Unemployment employees are inadequate to perform the basic duties and cannot comprehend, basic terminology. When I said to an agent, employee, official, whatever you want to call them, that I last worked "Suitable" work, I got asked, "What does that mean?" I said, "What?" she said "Suitable"….So I had to explain how it is a job in connection with your field of study, etc., NOW, If an agent, employee/official, doesn't know the basic definitions of basic words that is used in every day unemployment language. HOW IS SHE OR THEY GOING TO PROPERLY INPUT INFORMATION REGARDING YOUR CLAIM, WHEN THEY DON'T EVEN KNOW WHAT YOUR TALKING ABOUT? *9

ESD's and OAH's hasty decisions did not fit with the information that was presented to them.

OAH's conclusions did not match the facts and failed at their own policy of "Fact Findings."

Some form of hearing is required before an individual is finally deprived of a property [or liberty] interest. This right is a basic aspect of the duty of government to follow a fair process of decision making when it acts to deprive a person of his possessions.

I moved back to Seattle in September, 2020 due to personal reasons.

### Timeline

January 24, 2021: Last benefit deposit week.
January 25, 2021: Disqualified letter from ESD, letter that is ambiguous (Makes no sense)*10
January 29th, 2021: Letter from ESD stating…
***Pandemic Emergency Unemployment Compensation (PEUC) Redetermination***
***We have determined:***
• ***You may receive up to $227 each week you are eligible for unemployment benefits.***
• ***Your maximum amount of benefits is $5,448.00***
• ***Your benefits are payable from Mar 29 2020 to Apr 10 2021.***
So first they say I'm not supposed to receive benefits then they say I may receive. ESD also stated they and OAH didn't think being homeless, going from a low income job to a suitable job, suffering a work injury that did not get reported and not receiving paycheck after pay period is not considered "Good Cause."

Then on March 22nd, 2021: Letter from ESD stating my Extended Benefits were available to March 13th, 2021.

Between termination and selling possessions I made numerous attempts with ESD and TWC Supervisors to get situation fixed, all attempts failed.

Before termination,
On September 9th, 2020
ESD Letter
We need additional information from you
UI claim GMWNP5-002

Then

On January 21st, 2021
ALERT: ESD needs information from you about your current or past claim
UI claim
GMWNP5-001

Submitted Jan 25 2021 07:24:35
SRB W2.

After still not hearing back and my deadline being the 27th.
on Wednesday, Jan 27, 2021 12:09:05 PM, I sent message to ESD.
Subject: Job Status

Hello, can I have someone call me to discuss my current determination letter. My employer said that I had quit, this I not true. My phone number is still the same. Thank you.

Then
 Jan 29 2021
 You can soon receive additional PEUC benefits.

After getting two different letters, I called ESD on February 1st, 2021 for clarification.

Feb 1 2021 04:26:55 PM and Jan 26 2021 02:33:16 PM was Linda Mastronarde. (State Employee Liable). Asked about quitting Some Random Bar.  Phone call lasted 19 minutes.
ESD should have known and had knowledge that:
1. Determination/termination letter contained contradictory statements.
2. This issue was not a requirement for PUA, which is what the claimant was originally applying for (and was found later by TWC to be eligible for with the same information ESD was given) regardless of what kind of claim ESD created with the claimants information.
3. ESD knew they had terminated eligible pandemic benefits before a background investigation and an administrative hearing.
4. ESD thinks Some Random Bar was my last employer when they know that is not true,
 this is why she asks, "You left work because of COVID." True but wrong employer. She is missing 3 months of information, which I gave them back in March, 2020.

February 8th, 2021: Written Complaint to ESD.
February 13th, 2021: ESD Phone Call, 13 minutes.
February 19th, 2021: ESD Phone Call, 50 minutes.
February 21st, 2021: Written Complaint with WA Attorney General.
February 22, 2021: 2 ESD Phone Calls, 11:29am, 16 minutes/11:52am, 1 hour 20 minutes.
WA Attorney General Complaint Sent To Consumer Resource Center/ File # 589404
February 23rd, 2021: 2 ESD Phone Calls, 12:35pm, 48 minutes/1:24pm, 12 minutes. Written Complaint to ESD, 4:38 am.
February 25th, 2021: 3 ESD Phone Calls, 9:04am, 48 minutes/10:35am, 48 minutes/11:24am, 12 minutes.

February 26th, 2021…After 12 failed attempts to resolve issues, ESD's actions lead claimant to file an appeal.

February 27th, 2021: Sent Message to ESD Another Attempt to Fix Issue and Prevention.
March 1st, 2021: Letter from WA State Auditor's Office regarding my PII stolen in Accellion Data Breach.
March 2nd, 2021: Complaint with Texas Workforce Commission, No action taken.
March 3rd, 2021: Overpayment Letter.
March 5th, 2021: Sought help from "Project Porch light" from rent assistance.
March 10th, 2021: Phone Call, 48 minutes.
March 16th, 2021: Phone Call, 34 minutes/Phone Call to TWC: 10:32am, 55 minutes.
March 17th, 2021: Phone Calls to TWC, 11:25am, 20 minutes/12:40pm, 30 minutes.
March 18th, 2021: Phone Call to TWC, 1 hour, 28 minutes.
March 20th, 2021: ESD denied PUA.
March 22nd, 2021: Letter from ESD, states they received "**new information**" and determined benefit amount, however did not restore benefits and did not receive the "**benefits paid to you**."
March 23rd, 2021: Phone Call, 56 minutes. Complaint Response from DOL OUI Control Response, Regarding State to Contact me. 8:46am/Tuesday.
March 24th, 2021: Asked ESD to close claim because I can't file in Texas. They refused.
March 29th, 2021: Phone Call, 40 minutes
March 30th, 2021: Phone Call, 1 hour.
March 31st, 2021: Overpayment Letter.
April 12, 2021: Started selling possessions/Phone Call to TWC: 7:19am, 41 minutes.
April 15, 2021: Complaint Filed with Governors Committee on Disability and Employment/11:17pm/Thursday. FTC: Identity Theft Affidavit, #132982679.
April 16th, 2021: Phone Call/Friday/ESD stated, "We don't have any information telling us you're a independent contractor."- A false statement.
April 17th, 2021: Complaint Filed with OFM, 3:41am./Saturday.
Phone Call to TWC stated, "Cannot apply, not till I get WA withdrawn."
April 19th, 2021: Complaint Filed with Texas Attorney General/11:33am/Monday.
FTC: Report# 133354403/9:23am.
April 23rd, 2021: Complaint Filed with White House, No Response/4:28pm/Friday.
Complaint Filed with F.B.I. IC3 Unit in relation to Identify Theft, ESD and SAO.
April 24th, 2021: 2nd Complaint Filed with WA Attorney General.
Response from Attorney General, Try "Unclaimed Property."
April 26th, 2021: Response from Texas Attorney General, Attorney General is prohibited from providing legal advice, analysis or representation to private individuals/3:47pm/Monday.
April 29th, 2031: Overpayment Letter.
May 4th, 2021: Response from WA Attorney General. No help.
May 14th, 2021: Compliant Filed with Senator Pederson/Correspondence with Senator through July 15th, 2021.
May 18th, 2021: Sought Legal Representation from Seattle Civil Rights Justice Center/No Help.
May 22nd, 2021: Complaint Filed with Working Washington/3:22pm/Saturday.
June 27th, 2021: All Documents Request from ESD/8:53am/Sunday.
July 13th, 2021: Filed Complaint with Seattle Office for Civil Rights #2021-07051.
July 26, 2021: Complaint Filed with Senator Keiser/5:00pm/Monday.
July 28th, 2021: Response from Senator Keiser/Complaint transferred to Policy and Caseworker. Never heard back.
July 30th, 2021: Complaint Filed with OASAM/Civil Rights Center, U.S. Department of Labor/Complaint #21-NJ-015.
Asked OAH for a speedy hearing, otherwise it would have taken longer.
August 1st, 2021: Complaint Filed with the National Center for Disaster Fraud (NCDF).

August 19th, 2021: 2 OAH Hearings.
1. Was not able to call in to first hearing, However I argue I should not have a hearing, so reason is irrelevant.
2. Was able to call in over wifi phone. This second hearing is where the employer, Goen South/Teri Goen case comes in.

August 24th, 2021: 1st Complaint Filed with Civil Rights Division DOJ/Report #96125-CXJ.
August 25th, 2021: 1st Response from DOJ, No Help/3:19pm/Wednesday.
August 26th, 2021: 2nd Complaint Filed with Civil Rights Division DOJ/Report # 96578-LQQ.
August 27th, 2021: Response from WA Attorney General, Consumer Protection Division, No Help/3:44pm/Friday.
August 30th, 2021: 2nd Response from DOJ, No Help./11:20am/Monday.
September 30th, 2021: Complaint Filed with the U.S. Department of Justice Office of the Inspector General COVID-19 Complaint.
Complaint Filed with Government Accountability Office.
Tuesday, November 23rd, 2021: called oah…2nd request for my records.
October 19th 2021: Filed Washington Tort Complaint. 1st step in
Taking Washington State to court. Never heard back after I called caseworker and left message.
November 15th, 2021: 4th Overpayment Notice.
December 28th, 2021: 5th Overpayment Notice.

OAH Notice of hearing: July 30, 2021..uploaded 8:13am. Only because I called and asked for a speedy hearing, otherwise it would have taken longer.

Appeal: March 1st, 2021 to Hearing August 19th, 2021: 5 months, 3 weeks and 4 days.

The potential strengths of the administrative process can also be viewed as a threat to other important values. Administrative "Flexibility" may simply be a mask for unchecked power and in our society unrestrained government power has traditionally been viewed with great and justifiable suspicion.

1. Fairness: Concern with the fairness of government decision making procedures is a primary feature of Anglo-American legal system. The basic elements of fairness embodied in the concept of due process are assurances that the individual will receive adequate notice and a meaningful opportunity to be heard before an official tribunal makes a decision that may substantially affect his/her interests.

2. Accuracy: The administrative decision process should also attempt to minimize the risk of wrong decisions.

The Supreme Court has faced the threshold definitional question most squarely in the procedural due process context. In a string of cases decided during the 1970s, the Court concluded that a variety of government benefits, from welfare aid, social security, unemployment, etc., should be considered property for purposes of procedural due process *11. Due process comes into play if a person is "deprived" of property.

One question that has required resolution by the U.S. Supreme Court involves whether the word "property" applies to the future stream of government entitlements, such as welfare or social security. If the word property includes such future benefits, then the Due Process Clause requires that the

government provide the affected individual with legal process should it choose to terminate those benefits, In plaintiffs who received aid under a federally assisted program, like the Cares Act of March, 2020. ESD/State Government failed to provide any legal procedures prior to termination.

Sincerely,



Eric John Mata

Footnotes:

*1. Phone Conversation ESD Commission Rep: Tuesday, October 5th, 2021, 10:41am.

*2. Phone Conversation with TWC agent, Friday, October 1st, 2021, 10:23 am.

*3.  a. Cares Act March 2020 Public Law 116-136, Title II. Pages 33-46.

And

b. EMPLOYMENT AND TRAINING ADMINISTRATION ADVISORY SYSTEM/U.S. DEPARTMENT OF LABOR/UNEMPLOYMENT INSURANCE PROGRAM LETTER NO. 15-20, April 4th, 2020, Page 1.
***Background – The CARES Act was designed to mitigate the economic effects of the COVID-19 pandemic in a variety of ways. The CARES Act includes provisions for providing certain benefits to individuals who have exhausted their entitlement to regular unemployment compensation (UC) and who are <u>not eligible for regular UC,</u> such as <u>individuals who are self-employed or have limited recent work history.</u>***

<u>And</u>

c.      How Employers Contest Unemployment Claims

When you file a claim for unemployment, the state agency will contact your most recent employer at the time you initiated the claim. The state wants to make sure you meet the eligibility requirements to collect benefits. This vary from state to state, but generally speaking you will qualify for benefits only if:

• You meet the state's earnings and/or work requirements. Only employees who have a minimum amount of recent earnings or work history qualify for benefits; those who have worked very little or have been out of the job market for a long time might not be eligible.

• You are out of work through no fault of your own. If you quit your last job voluntarily, without good cause (as your state denes that term), you won't be eligible for benefits. This however is not the requirement for PUA

*4. a. https://esd.wa.gov/unemployment/cares-act

**You can move on to step 2 (PUA application) <u>as soon</u> as you are denied regular unemployment. For some this will be immediate and for others it may take a few weeks. We are required by law to verify you are not eligible for regular unemployment.**

And

b. Fraud Investigation Report, Employment Security Department, for the investigation period January 1, 2020 through December 31, 2020. Published April 13, 2021, Report #1028164. ***"Claimants must first be denied regular unemployment benefits before being afforded the opportunity to apply for PUA."*** Page 17.

*5. Fraud Investigation Report, Employment Security Department, for the investigation period January 1, 2020 through December 31, 2020. Published April 13, 2021 by the Washington State Auditor's Office, Report #1028164. Page 6.

Three Washington State Auditor's Office Reports.

1. Fraud Investigation Report AR# 1028164
2. Accountability Audit AR# 1028000
3. Performance Audit AR# 1028078

*6. March 1st, 2021: Letter from SAO regarding my PII stolen in Accellion Data Breach.

*7. News report: WA unemployment problems persist, with some going unpaid for months, Nine months into the pandemic, the state's unemployment system is still rife with issues, and thousands are stuck in limbo. By Melissa Santos / December 17, 2020.

https://crosscut.com/news/2020/12/wa-unemployment-problems-persist-some-going-unpaid-months

*8. ESD Unemployment Handbook/Benefits Section Page 32.

*9. RCW 50.20.100 Suitable work factors. (1) Suitable work for an individual is employment in an occupation in keeping with the individual's prior work experience, education, or training and if the individual has no prior work experience, special education, or training for employment available in the general area, then employment which the individual would have the physical and mental ability to perform. In determining whether work is suitable for an individual, the commissioner shall also consider the degree of risk involved to the individual's health, safety, and morals, the individual's physical fitness, the individual's length of unemployment and prospects for securing local work in the individual's customary occupation, the distance of the available work from the individual's residence, and such other factors as the commissioner may deem pertinent, including state and national emergencies.

And

b. ESD Unemployment Handbook/ Looking for Work Page. 50.

When you need to accept a job offer-***" you must accept an offer of suitable work based on your skills, abilities and other factors for your occupation in your labor market."*** This contradicts ESD's determination for me not having good cause.

*10.  a. Letter states: **You can requalify when:**

**• At least SEVEN weeks have passed after the week you separated from SOME RANDOM BAR LLC; and**

**• You returned to work and earned SEVEN times your weekly benefit amount as of Jan 28 2021, which is $227.00.**

   a. **SEVEN Weeks.** Last day, Friday, December 20th, 2019. Sunday is December 22nd, 2019. This would be in February, 2020, I was not looking for benefits at this time, I was working in suitable work.
   b. Date of letter is January 27th, 2021 going by this date is more than 50 weeks.
   c. **Weekly benefit amount**. Going by what I was making with this employer, $15.00 an hour.
      1. $227.00 x 7= $1,598.00

   2. $15.00 x 40.0 hours a week = $600.00 (Unadjusted Income)

   3. $600.00 x 4 weeks in a month = $2,400.00 (Unadjusted Income)

When in order to make enough income, I would have had to work from November through December 2020 and through early January 2021. This is during the pandemic, shutdowns, and stay at home orders. This contradicts their statement, *"You returned to work."*

The employer is question Some Random Bar LLC (December 2019, Seattle, Washington) not only did not report an injury I had on the job, allowed me to work without a food handlers card in excessive time and also misrepresented the day I started work in documents he signed and submitted to ESD, who used these documents as their exhibits submitted to the Washington State Office of Administration.

Three Washington State Auditor's Office Reports.

1. Fraud Investigation Report AR# 1028164
2. Accountability Audit AR# 1028000
3. Performance Audit AR# 1028078


*11. MR. JUSTICE BRENNAN delivered the opinion of the Court:

"The question for decision is whether a State that terminates public assistance payments to a particular recipient without affording him the opportunity for an evidentiary hearing prior to termination denies the recipient procedural due process in violation of the Due Process Clause of the Fourteenth Amendment."

Justice Brennan's opinion makes clear that at least he heard the stories and understood the hardship inflicted upon welfare recipients by erroneous termination of their benefits. He continues to say:

"For qualified recipients, welfare provides the means to obtain essential food, clothing, housing, and medical care …. Thus the crucial factor in this context … is that termination of aid pending resolution of a controversy over eligibility may deprive an eligible recipient of the very means by which to live while he waits. Since he lacks independent resources, his situation becomes immediately desperate. His need to

concentrate upon finding the means for daily subsistence, in turn, adversely affects his ability to seek redress from the welfare bureaucracy." Goldberg, 397 U.S.

Plaintiff also wishes to let court know that he hired an attorney for research and help with court documents... This attorney ran off with plaintiffs money and provided no services.

January 20th, 2022