UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC JOHN MATA,<br><br>     Plaintiff,<br>  v.<br><br>WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT et al.,<br><br>     Defendant. | CASE NO. 3:22-cv-05054-TL<br><br>Order Denying Motion to Appoint Counsel and Striking Amended Complaint |

  This matter comes before the Court on Plaintiff's motion for appointment of counsel (Dkt. No. 7) and to address, *sua sponte*, deficiencies with Plaintiff's Amended Complaint (collectively, Dkt. Nos. 8, 9).

  Plaintiff's original Complaint was initially filed with an application to proceed *in forma pauperis* on January 20, 2022. Dkt. No. 1. Plaintiff was informed that his application was deficient and was granted leave to cure the deficiencies by February 28, 2022, to avoid dismissal. Dkt. No. 2. Plaintiff abandoned his *in forma pauperis* application and paid the required filing fee, so his original Complaint was entered on the docket on February 28, 2022. Dkt. No. 5.

ORDER DENYING MOTION TO APPOINT COUNSEL AND STRIKING AMENDED COMPLAINT - 1

Plaintiff's original Complaint utilized a court-provided Civil Complaint and Request for Injunction form that complied with the requirements of Federal Rules of Civil Procedure 8(a) by including a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of the claims, and a demand for the relief sought. *Id.* The Complaint named only the Washington State Employment Security Department as a Defendant. *Id.* Plaintiff set out the majority of factual allegations supporting his claims in a separate document attached to the original Complaint form (hereafter described as "Complaint Attachment"). *See* Dkt. No. 5-1.

Plaintiff also filed a motion on February 28 asking the Court to appoint counsel. Dkt. No. 7. In his motion, Plaintiff correctly notes that the Court had not granted him leave to proceed *in forma pauperis* but does not include any facts regarding his indigent status. *Id.* at 1. Plaintiff's motion also does not include a brief statement showing why his claims have merit. *See id.* at 2.

On March 1, 2022, Plaintiff amended his Complaint by filing a revised version of the Complaint Attachment. *Compare* Dkt. No. 8 *with* Dkt. No. 5-1. Plaintiff also separately filed an additional document that attempts to join another defendant by setting out additional claims and factual allegations against Accellion USA LLC. Dkt. No. 9. Plaintiff did not file a revised version of the Civil Complaint and Request for Injunction form with these new documents.

The Court notes that Plaintiff is only permitted to amend his complaint once as a matter of course within 21 days after serving the original Complaint, or 21 days after service of a responsive pleading or Rule 12 Motion from Defendant. Fed. R. Civ. P. 15(a). Otherwise, Plaintiff must seek leave of the Court to amend his Complaint by filing a motion for leave or obtaining the written consent of Defendants. Fed. R. Civ. P. 15(b). When a Plaintiff amends a complaint, it supersedes and completely replaces the original complaint. *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir.1990) ("[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *Loux v.*

*Rhay*, 375 F.2d 55, 57 (9th Cir.1967). After amendment, the original complaint no longer performs any function and is "treated thereafter as non-existent." *Loux*, 375 F.2d at 57.

The Court has examined Plaintiff's documents filed at Dkt. Nos. 8 and 9, which the Court collectively refers to as his Amended Complaint, and finds that it does not conform to Federal Rules of Civil Procedure 8(a). In his Amended Complaint, Plaintiff fails to state grounds for jurisdiction or the relief requested.[1] Instead, the Amended Complaint is formatted as two separate documents: (1) the document at Dkt. No. 8 amends the previous Complaint Attachment (Dkt. No. 5-1) that states claims and factual allegations against the Employment Security Department, and (2) the document at Dkt. No. 9 adds claims and allegations against a new Defendant, Accellion USA LLC. Even if it was not deficient, formatted as such, Plaintiff's Amended Complaint would require the Court and Defendants to look to multiple different filings to see what Plaintiff is claiming in this case.

The Court believes this case will be best served by Plaintiff filing a proper amended complaint containing all of Plaintiff's attempted revisions in a single document. The Court, therefore, STRIKES the filings at Dkt. Nos. 8 and 9 as improper and GRANTS Plaintiff leave to file a corrected Amended Complaint, formatted like his original Complaint, where Plaintiff shall include (1) all anticipated Defendants as well as all relevant claims, (2) a short and plain statement of the grounds for the court's jurisdiction, and (3) his requested relief in a single document. To avoid any future confusion, Plaintiff shall title the document "First Amended Complaint." Upon filing the First Amended Complaint, Plaintiff shall ensure that the named Defendants are properly served according to Federal Rules of Civil Procedure 4 and Local Civil Rule 15.

---

[1] In the original Complaint, this information was included on the Civil Complaint and Request for Injunction form.

The Court also DENIES WITHOUT PREJUDICE Plaintiff's deficient motion for appointment of counsel. Generally, a person has no right to counsel in civil actions. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). A court has discretion to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1), but the appointment of counsel should only be granted under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983). Here, Plaintiff was not granted leave to proceed *in forma pauperis* and did not include any information from which the Court could determine his indigent status in his motion. Additionally, per the above discussion regarding Plaintiff's Amended Complaint, and his failure to include a brief statement showing why his claims have merit in his motion, the Court is unable to determine if exceptional circumstances exist to warrant the appointment of counsel. Plaintiff is free to file a new motion once his First Amended Complaint is filed and all Defendants have been properly served.

The Court therefore ORDERS that

1. The pleadings at Dkt. Nos. 8 and 9 are STRICKEN, and Plaintiff is GRANTED leave to file a First Amended Complaint. Plaintiff shall file his First Amended Complaint **within fourteen (14) days** of the date of this order or **by no later than April 14, 2022**. Plaintiff's failure to file a First Amended Complaint that conforms to Federal Rules of Civil Procedure 8(a), or his failure to properly serve all named Defendants according to Federal Rules of Civil Procedure 4 and Local Civil Rule 15, may affect the status of this case, up to and including dismissal of the action by the Court.

2.	The motion for appointment of counsel at Dkt. No. 7 is DENIED without prejudice. Plaintiff may file a new motion after his First Amended Complaint is filed and all Defendants have been properly served.

IT IS SO ORDERED.

Dated this 31st day of March 2022.

Tana Lin
United States District Judge

ORDER DENYING MOTION TO APPOINT COUNSEL AND STRIKING AMENDED COMPLAINT - 5