UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC JOHN MATA,<br><br>               Plaintiff,<br>    v.<br><br>WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT et al.,<br><br>               Defendant. | CASE NO. 3:22-cv-05054-TL<br><br>ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE AND GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT |

On March 31, 2022, the Court struck Plaintiff Eric John Mata's purported Amended Complaint (Dkt. Nos. 8 and 9) and ordered Mr. Mata to file a First Amended Complaint to cure deficiencies it had noted in Mr. Mata's attempt to amend his original complaint to add claims against an additional defendant. *See* Dkt. No. 16. In response, Mr. Mata filed another Amended Complaint on April 13, 2022. Dkt. No. 17. Although Mr. Mata responded to some of the deficiencies noted by the Court in its March 31 Order, [1] his new Amended Complaint still fails to

---

[1] Mr. Mata's new Amended Complaint (Dkt. No. 17) appears to incorporate his factual allegations against both named defendants into a single pleading as the Court instructed in its March 31 Order (*see* Dkt. No. 16). That said,

ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE AND GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT - 1

meet the necessary requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, Mr. Mata's complaint still does not include a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of the specific legal claims being raised, and a demand for the relief sought. Fed. R. Civ. Proc. 8.

The Court is mindful that a pro se complaint must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *E.g.*, *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 & n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). But a court "may not supply essential elements of the [pro se] claim[s] that were not initially pled." *E.g.*, *Henderson v. Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019). Also, "it is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

Recognizing that a pro se litigant who is "[p]resumably unskilled in the law, [is] more prone to making errors in pleading than the person who benefits from the representation of counsel," *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), the Court will allow Mr. Mata one more opportunity to correct his deficient Amended Complaint. Therefore, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's new Amended Complaint (Dkt. No. 17) and GRANTS Plaintiff leave to file a Second Amended Complaint.

The Second Amended Complaint must include (1) a short and plain statement of the grounds for the Court's jurisdiction, (2) a short and plain statement of the specific legal claims being raised, and (3) a demand for the relief sought. *See* Fed. R. Civ. Proc. 8. The Court strongly urges Mr. Mata to review the resources for pro se litigants available at

---

the Court notes that Mr. Mata failed to title the new pleading as "First Amended Complaint" as explicitly instructed to avoid potential confusion, in addition to failing to cure the substantive deficiencies discussed herein.

https://www.wawd.uscourts.gov/representing-yourself-pro-se. The Court especially encourages Mr. Mata to review the template forms available at https://www.wawd.uscourts.gov/court-forms#Pro%20Se, including the example Complaint forms similar to the form he used when filing his original Complaint. Plaintiff shall file his Second Amended Complaint **by no later than May 30, 2022**. Plaintiff's failure to file a Second Amended Complaint that conforms to Federal Rules of Civil Procedure 8(a) will result in his case being dismissed with prejudice.

Plaintiff's withdrawn attempt to move for default judgement (*see* Dkt. Nos. 14, 15) indicates that he is aware of his obligations to properly serve all Defendants with a copy of the operative Complaint and Court-issued summons or to request waiver of service per Federal Rule of Civil Procedure 4. The Court further notes that Plaintiff is also required to ensure that Defendants are appropriately served with any amended pleadings that are filed with the Court per Local Civil Rule 15. Plaintiff's failure to properly serve Defendants per the Court's rules could also affect the status of his case.[2]

The Court therefore ORDERS that:

1. Plaintiff's Amended Complaint filed at Dkt. No. 17 is DISMISSED WITHOUT PREJUDICE.
2. Plaintiff is GRANTED leave to file a Second Amended Complaint **by no later than May 30, 2022**.
    a. If Plaintiff has not yet (1) secured waiver of service or (2) served Defendants with the Court-issued summons and a copy of a previous version of the Complaint, per Federal Rule of Civil Procedure 4, Plaintiff shall also serve

---

[2] Plaintiff's original complaint was entered on February 28 (Dkt. No. 5), and summons for both named Defendants were issued on March 1, 2022 (Dkt. No. 12). Therefore, Mr. Mata has until Monday, May 30, 2022, to properly serve Defendants with process per Fed. R. Civ. Proc. 4(m) if he has not already done so. If he has already affected service of process, Mr. Mata must ensure that Defendants are properly served with the Second Amended Complaint when he files it with the Court on or before the May 30 deadline per Local Civil Rule 15.

Defendants with his Second Amended Complaint and the Court-issued summons **by no later than May 30, 2022**.

  b. Otherwise, Plaintiff shall file proof of service or waiver along with his Second Amended Complaint **by no later than May 30, 2022**. In this scenario, Plaintiff is still responsible for ensuring that Defendants are served with a copy of the Second Amended Complaint at the time it is filed with the Court per Local Civil Rule 15.

3. Plaintiff's failure to file and serve a Second Amended Complaint that conforms to Federal Rules of Civil Procedure 8(a) will result in his case being dismissed with prejudice.

Dated this 26th day of April 2022.

Tana Lin
United States District Judge