UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Eric John Mata,<br><br>                    Plaintiff,<br>   v.<br><br>Washington State Employment Security Department     ,<br><br>                    Defendants. | Case No. 3:22-cv-5054-TLF<br><br>ORDER |

This matter comes before the Court on Defendant's motion to stay discovery and continue the deadlines set forth in the pretrial scheduling order. Dkt. 43. Pending before the Court are Defendant's motion for judgment on the pleadings (Dkt. 39) and Plaintiff's motion for leave to amend his complaint (Dkt. 37). The Court finds that Defendant's request is reasonable and that a stay of discovery is warranted pending the Court's consideration of Defendant's motion for judgment on the pleadings and Plaintiff's motion for leave to amend his complaint.

## DISCUSSION

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26( c). Among these is the power to stay proceedings, which "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

ORDER - 1

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990); *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984). The evaluation of whether to issue a stay of discovery may be characterized as a "preliminary peek" at the merits of a potentially dispositive motion to assess the propriety of an order to stay discovery during the underlying motion's pendency. *See Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503-504 (D. Nev. 2013) (collecting cases). In doing so, the Court considers whether: (1) the pending motion would be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the pending potentially dispositive motion can be decided without additional discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Solida v. U.S. Dep't of Fish & Wildlife*, at 506.

This "preliminary peek" at the merits is not meant to prejudge the outcome of the motion, which would exceed the scope of the undersigned's report and recommendation to dismiss. *Solida*, 288 F.R.D. at 506. The court will assess whether a stay of discovery ensures a defendant's motion is properly addressed and advances "the goals of efficiency for the court and litigants." *Little*, 863 F.2d at 685.

Defendant has moved for judgment on the pleadings, and Plaintiff has moved to amend his complaint. Taken together, the motions may result in either an amended complaint or dismissal of the entire action. Any outcome would be decided without additional discovery at this time.

ORDER - 2

Furthermore, the Court finds a stay would advance the efficiency for the Court and the litigants by avoiding the burden of discovery costs until either Plaintiff amends his complaint or the motion for judgment on the pleadings is resolved.

Therefore, Defendant's motion to stay discovery and vacate the remaining pretrial deadlines is granted. The Court will issue an amended pretrial scheduling order at after resolving the remaining pending motions.

Dated this 1st day of February, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER - 3