1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6

Eric John Mata,

7

Plaintiff,

Case No. 3:22-cv-5054-TLF

8

v.

ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND
HIS COMPLAINT

9

Washington State Employment Security
Department          ,

10

Defendants.

11
12

This matter comes before the Court on plaintiff's motion to amend his complaint.

13

Dkt. 37. Plaintiff is proceeding *pro se*. For the reasons set forth below, plaintiff's motion

for leave to amend his complaint is DENIED.

14

BACKGROUND

15
16

Plaintiff filed his original complaint against the Washington State Employment

Security Department on February 28, 2022. Dkt. 5. On April 13, 2022 and May 4, 2022,

17

plaintiff filed amended complaints. Dkt. 17, 19. In plaintiff's second amended complaint,

18

i.e., the operative complaint, he brings claims of due process violation, harassment,

19

theft of personal identifying information and malicious prosecution against the

20

Washington State Employment Security Department.

21

On October 24, 2022, plaintiff filed a third amended complaint, but did not comply

22

with Local Civil Rule 15. Dkts. 34, 36. Plaintiff filed the instant motion for leave to file an

23

amended complaint thereafter adding claims under the False Claims Act and

24
25

1   Coronavirus Aid, Relief, and Economic Security Act and defendants Cami Feek,

2   John/Jane Does 1-20, Kitty Johnson, Linda Mastronarde, and the Washington State

3   Office of Administrative Hearings. Dkt. 37.

DISCUSSION

**A.  Standard**

6       Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), "[a] party

7   may amend the party's pleading once as a matter of course at any time before a

8   responsive pleading is served." Otherwise, the party "may amend the party's pleading

9   only by leave of court or by written consent of the adverse party." Leave to amend "shall

10  be freely given when justice so requires," and "this policy is to be applied with extreme

11  liberality." *Id.; Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th

12  Cir.1990). After a responsive pleading has been filed, "leave to amend should be

13  granted unless amendment would cause prejudice to the opposing party, is sought in

14  bad faith, is futile, or creates undue delay." *Martinez v. Newport Beach City,* 125 F .3d

15  777, 786 (9th Cir.1997).

16      A proposed amendment that necessitates reopening discovery or that creates

17  the need for further discovery causes undue prejudice to the opposing party. *Lockhead*

18  *Martin Corp. v. Networth Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir.1999).

19       Leave to amend has also been denied when the moving party knew or should

20  have known the facts upon which the amendment is based when drafting the original

21  pleading, but did not include them in the original pleading. *Jordan v. Los Angeles,* 669

22  F.2d 1311, 1324 (9th Cir.), *vacated on other grounds,* 459 U.S. 810 (1982).

23

24

25

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE
TO AMEND HIS COMPLAINT - 2

1

### B.  Plaintiff's Proposed Third Amended Complaint

In plaintiff's proposed third amended complaint, plaintiff seeks to add claims under the False Claims Act ("FCA") and the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), and add the following new defendants: Employment Security Department Commissioner Cami Feek, John/Jane Does 1-20, Kitty Johnson, Linda Mastronarde, and the Washington State Office of Administrative Hearings.

Plaintiff seeks to bring a claim under Section 2102 of the CARES Act. He states only that the CARES Act applies to defendants and "enabled the plaintiff to new property" without providing specific factual allegations. Dkt. 37-2 at p. 2. Even if plaintiff provided specific factual allegations, it would be futile to allow plaintiff to amend his complaint to add this claim because there is no private cause of action under the CARES Act. *See Radix L. PLC v. JPMorgan Chase Bank NA*, 508 F. Supp. 3d 515, 520 (D. Ariz. 2020) ("there is no private right of action to enforce the CARES Act"). *See also  Am. Video Duplicating, Inc. v. City Nat'l Bank*, 2020 WL 6882735, at *4 (C.D. Cal. Nov. 20, 2020) ("Plaintiff's claims for violations of the CARES Act fail because there is no private cause of action to enforce these provisions."). Thus, plaintiff's motion for leave to amend his complaint to add a claim under the CARES Act is DENIED.

Similarly, it would be futile if the Court allowed plaintiff to amend his complaint to add a claim under the FCA because he is proceeding *pro se*. Pursuant to 31 U.S.C. § 3730(b)(1), a "person," known as a relator, "may bring a civil action for a violation of Section 3729 for the person *and for the United States Government*…in the name of the Government." 31 U.S.C. § 3730(b)(1) (emphasis added). As the Ninth Circuit has explained, "the entire purpose of the FCA's *qui tam* provisions is to employ the help of

1    individuals to uncover fraud against the government." *United States ex rel. Kelly v.*

2    *Boeing Co.,* 9 F.3d 743, 748 (9th Cir.1993).

3            To this end, the FCA motivates "a private individual[to] bring suit in federal

4    court *on behalf of the United States* " by effecting a partial assignment of the

5    government's damages claim to the relator. *Vt. Agency of Natural Res. V. United States*

6    *ex rel. Stevens,* 529 U.S. 765, 768 (2000) (emphasis added). Further, the general *pro*

7    *se* provision set forth in 28 U.S.C. § 1654 provides that "[i]n all courts of the United

8    States the parties may plead and conduct their own cases personally or by counsel...."

9    While this provision allows plaintiff to prosecute his own actions *in propria persona,* that

10   right is personal to him, and absent some other statutory authorization, he has no

11   authority to prosecute an action in federal court on behalf of others than himself,

12   including the United States Government. *See Stoner v. Santa Clara Cnt. Off. of Educ.*,

13   502 F.3d 1116, 1126 (9th Cir. 2007).

14           Defendants argue that plaintiff should not be granted leave to amend his

15   complaint to bring an FCA claim because he did not file the complaint under seal or

16   comply with other procedural requirements under 31 U.S.C. § 3730(b). Plaintiff would

17   only be required to file the complaint under seal if his motion for leave to amend his

18   complaint was granted by the Court.

19           The operative complaint is plaintiff's second amended complaint. Dkt. 19.

20   Nonetheless, even though plaintiff was not required to file his motion under seal, it

21   would be futile for the Court to grant him leave to amend to bring a FCA claim in light of

22   his status as a *pro se* litigant. Plaintiff's motion for leave to add a claim under the FCA is

23   DENIED.

24

25

1    Finally, plaintiff seeks to add Feek, Johnson, Mastronarde and the Washington

2    State Office of Administrative Hearings, as defendants to his 42 U.S.C. §1983 claim.

3    Under 42 U.S.C. § 1983, states and their agencies are not proper defendants and

4    therefore cannot be sued under the statute. *See Hafer v.* Melo, 502 U.S. 21, 25 (1991).

5    Thus, the Washington State Office of Administrative Hearings, a state agency, is not a

6    proper defendant under Section 1983, and it would be futile for the Court to allow

7    plaintiff to add this defendant.

8    As for the individuals plaintiff seeks to add as defendants, plaintiff did not identify

9    whether he seeks to sue the individuals in their official or individual capacities. He also

10   does not specify whether defendants Johnson or Mastronarde are state employees.

11   Plaintiff alleges only that "defendants did not apply the due process clause before the

12   taking of plaintiff's property and causing injury to his person and property." Dkt. 37-2, at

13   2.

14   Where a plaintiff fails to identify the capacity in which the state actor is sued,

15   such as the case here, the Ninth Circuit looks beyond the caption of the complaint to the

16   "basis of the claims asserted and the nature of relief sought." *Price v. Akaka,* 928 F.2d

17   824, 828 (9th Cir.1990). *See also Shoshone–Bannock Tribes v. Fish & Game*

18   *Commission,* 42 F.3d 1278, 1284 (9th Cir.1994) (erecting presumption that Plaintiffs

19   sued state officials in their individual capacities as "any other construction would be

20   illogical ..."). The bare assertions of the complaint do not allow the Court to evaluate this

21   issue, and plaintiff fails to assert facts that would support a plausible claim for relief

22   under either theory. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

23

24

25

Moreover, if the Court granted plaintiff's motion, the parties would need to conduct further discovery. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.") (quoting *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989)); *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cit. 1986) (affirming the denial of leave to amend and holding that the district court did not abuse its discretion in concluding that allowing amendment would prejudice the defendant because of the necessity for further discovery). For this reason, the Court DENIES plaintiff leave to amend his Section 1983 claim.

## CONCLUSION

For the reasons discussed above, plaintiff's motion for leave to amend his complaint is DENIED with prejudice. The operative complaint in this matter is plaintiff's second amended complaint (Dkt. 19).

Dated this 2nd day of March, 2023.

Theresa L. Fricke
United States Magistrate Judge