UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC JOHN MATA,<br><br>      Plaintiff,<br> v.<br><br>WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT,<br><br>      Defendants. | Case No. C22-5054 TLF<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on defendant Washington State Employment Security Department's ("ESD") motion for judgment on the pleadings under Federal Rule of Civil Procedure ("Fed. R. Civ. P") 12(c). Dkt. 39. After reviewing defendant's motion, plaintiff's response thereto[1] and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's motion for judgment on the pleadings is GRANTED, and plaintiff's complaint should be dismissed with prejudice.

---

[1] Plaintiff's response brief was untimely, and consequently, defendant requests that the Court not consider plaintiff's brief. *See* Local Fed. R. Civ. P. 7(d)(3). Given plaintiff's *pro se* status, the Court will consider plaintiff's untimely response brief. The Court will not, however, consider the twelve exhibits attached to plaintiff's response as they exceed the bounds of judicial notice under Fed. Rule Evid. 201(b) (A court may take judicial notice of matters that are either generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned; however, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, a court will not take judicial notice of those facts.)

ORDER GRANTING DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 1

# FACTUAL AND PROCEDURAL BACKGROUND

In plaintiff's second amended complaint, he alleges that he was wrongfully terminated from receipt of Pandemic Unemployment Assistance (PUA). Dkt. 19 at 1. Defendant ESD administers Washington's unemployment insurance program under Title 50 RCW, the Employment Security Act. When the federal government passed the Coronavirus Aid, Relief, and Economic Security (CARES) Act, one of the programs created by the CARES Act was PUA, which expanded eligibility to those not covered by state unemployment insurance. Pub. L. 116-136, § 2102. Washington State administered the PUA. *See* Unemployment Program Insurance Program Letter No. 16-20.

Plaintiff argues that ESD denied him his Fourteenth Amendment right to due process when ESD terminated his income under the PUA. Dkt. 19 at 1. He claims he does not owe ESD an overpayment of benefits but has been "harass[ed] with overpayment notices." *Id*. He further contends that ESD, "along with Accellion USA LLC[2]" are a party in the theft of his personal identifying information. *Id.* Finally, he claims that ESD committed malicious prosecution by acting unethically and siding with his former employer on appeal. *Id.* Plaintiff did not identify what type of relief he seeks.

On November 6, 2022, plaintiff filed a motion for leave to file a third amended complaint. Dkt. 37. On March 3, 2023, the Court denied plaintiff's motion. Dkt. 50. Plaintiff's second amended complaint – the subject of the instant motion – is the operative complaint.

# DISUCSSION

---

[2] Plaintiff states that he is not naming Accellion USA LLC as a defendant in his action. Dkt. 19 at 1.

ORDER GRANTING DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 2

A. <u>Standard of Review</u>

Any party may bring a motion for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). The standard of review applied to a motion for judgment on the pleadings is essentially the same as that which is applicable to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See *Ludahl v. Seaview Boat Yard, Inc.*, 869 F. Supp. 825, 826 (W.D. Wash. 1994); *Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002) (Fed. R. Civ. P. 12(b)(6) and 12(c) are substantially identical). All allegations of material fact in the non-moving party's pleadings are taken as true and "construed in the light most favorable to that party," and all inferences to be drawn from those facts also are construed in favor of the party opposing the motion, as are all "[u]ncontested allegations to which the [moving] party had an opportunity to respond." *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989); *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999); *Qwest*, 208 F.R.D. at 291; *Ludahl*, 869 F. Supp. at 826.

Dismissal of a complaint under Fed. R. Civ. P. 12(c) may be based upon either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted).


"Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

Vague, conclusory allegations lacking factual support are thus insufficient to state a section 1983 claim. *Jones v. Comty. Dev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Further, although the complaint is to be construed liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471. The Court should not dismiss the complaint, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### B. ESD is Immune from Suit Under the Eleventh Amendment

Under the Eleventh Amendment, a state is not subject to suit by its own citizens in federal court. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). As an arm of the state, a state agency also is immune from suit in federal court under the Eleventh Amendment. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). *See also Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) ("Under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court."); *Spokane Cnty. Deputy Sheriffs Ass'n v. State of Washington Dep't of Emp. Sec.*, 317 F. App'x 599, 601 (9th Cir. 2008) (holding that the


ORDER GRANTING DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 4

district court correctly dismissed the Association's complaint against Washington Department of Employment Security on this basis).

A state's Eleventh Amendment immunity is not absolute: a state may consent to suit in federal court or waive its sovereign immunity to suit in federal court. *See Doe v. Maher,* 793 F.2d 1470, 1493 (9th Cir.1986). "A state may waive its immunity if it voluntarily invokes the jurisdiction of a federal court or if it makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction." *In re Harleston,* 331 F.3d 699, 701 (9th Cir. 2003).

Plaintiff's second amended complaint makes four allegations: that ESD violated his procedural due process rights when it "terminated" his PUA benefits, that he does not owe any overpayments but has been harassed with overpayment notices, that ESD stole his personal identifying information during "the Accellion Data Breach," and that he was subject to malicious prosecution during the administrative review process. Dkt. No. 19 at 1.

Plaintiff does not name any other defendant except for ESD. There is no evidence that Washington, its agencies, or officers have consented to such a suit and therefore the Eleventh Amendment provides immunity from suits of this kind brought in federal court. *Pittman v. Oregon Employment Dept.,* 509 F.3d 1065, 1071 (9th Cir. 2007). *See, e.g., Dellelo v. Washington State Emp. Sec. Dep't,* No. 3:22-CV-05965-RJB, 2022 WL 17820316, at *2 (W.D. Wash. Dec. 20, 2022) (finding that Plaintiff's claim for wrongful denial of unemployment benefits against the ESD should be dismissed as barred by the Eleventh Amendment).

Given that ESD is a state agency and there is no evidence to that ESD has consented to this Court's jurisdiction or waived its immunity, plaintiff's claims are barred by the Eleventh Amendment.

C. <u>This Court Lacks Subject Matter Jurisdiction</u>

Further supporting granting ESD's motion is that plaintiff has failed to establish his burden that this Court has subject matter jurisdiction over his case.

Federal courts possess subject matter jurisdiction only over cases that present a federal question, 28 U.S.C. § 1331, or when diversity of citizenship exists and the value of the claim exceeds $75,000, 28 U.S.C. § 1332(a). A federal court has an obligation to determine whether the requirements of federal subject matter jurisdiction have been met, even if the parties do not bring this issue to the attention of the court. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

If there is no basis for federal subject matter jurisdiction, the court must dismiss the complaint in its entirety. *Id*. "Lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties." *Mitchell v. Maurer*, 2936 U.S. 237, 244 (1934); *see also, Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("the first and fundamental" question that a federal court must ask is whether it has Article III jurisdiction, and if the court makes a decision in a case where the court lacks jurisdiction "a court [would] act ultra vires"). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the court shall remand the case. 28 U.S.C. § 1447(c).

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal

jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As discussed above, the only allegation that could arise under the Constitution is plaintiff's claim under the Fourteenth Amendment. This claim, however, is barred under the Eleventh Amendment. Moreover, ESD is not a proper defendant in this action because a state, including a state agency, is not a "person" within the meaning of Section 1983[3]. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Because there are no other defendants identified for which the Court would be allowed to exercise subject matter jurisdiction, plaintiff fails to establish the existence of federal question jurisdiction.

Plaintiff has also failed to show that the Court has diversity jurisdiction over this case. District courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332. A state is not a citizen for the purposes of diversity jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693 (1973). "Thus, neither a state nor a state agency [can] be a party to a diversity action." *Fifty Assocs. v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). ESD is a state agency; thus, it cannot be a party to a diversity action. *See* Title 50, Chapter 50.08, Section .010 of the RCW. Further, plaintiff has not asserted that the matter in controversy exceeds $75,000. In fact, plaintiff fails to request *any* relief or amount in controversy in his second amended complaint. Thus, plaintiff has also failed to establish that this Court has diversity jurisdiction over his case.

---

[3] To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under the color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981).

ORDER GRANTING DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 7

**CONCLUSION**

For the reasons stated above, defendant's motion for judgment on the pleadings (see Dkt. 39) hereby is GRANTED, as ESD, the sole defendant in this case, is entitled to immunity under the Eleventh Amendment, and this Court lacks federal subject matter jurisdiction. Accordingly, plaintiff's complaint is dismissed with prejudice.

Dated this 15th day of March, 2023.

Theresa L. Fricke
United States Magistrate Judge