UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Eric John Mata,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>Washington State Employment Security Department ,<br><br>　　　　　　　Defendants. | Case No. 3:22-cv-5054-TLF<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure ("FRCP") 52(b) and 60(b)(1) and (3). Dkt. 53. For the following reasons, Plaintiff's motion is DENIED and this case remains closed.

BACKGROUND

On March 15, 2023, the Court granted Defendant's motion for judgment on the pleadings and dismissed Plaintiff's case with prejudice Dkts. 51, 52. In his second amended complaint, Plaintiff alleged that he was wrongfully terminated from receipt of Pandemic Unemployment Assistance ("PUA"), which was administered by Defendant Washington State Employment Security Department ("ESD"). Dkt. 19 at 1. Plaintiff argued that ESD denied him his Fourteenth Amendment right to due process when ESD terminated his income under the PUA. *Id.* He further alleged that ESD harassed Plaintiff

ORDER - 1

with notices, stole his personal identifying information, and committed malicious prosecution. *Id.*

In the Court's order dismissing Plaintiff's complaint, the Court found that ESD is immune from suit under the Eleventh Amendment. Dkt. 51 at 4. And, there was no evidence that Washington, its agencies, or officers consented to such a suit. Further, the Court found that Plaintiff failed to establish his burden that this Court had subject matter jurisdiction over his case. *Id.*

Plaintiff filed the instant motion seeking "a fact-finding report regarding plaintiff's entire case[.]" Dkt. No. 53 at 1.

## DISCUSSION

**A. Federal Rule of Civil Procedure 52(b)**

Federal Rule of Civil Procedure 52(b) is inapplicable to this matter, as Rule 52 concerns nonjury trials, and no trial was conducted in connection with the Court's March 15, 2023 order. Federal Rule of Civil Procedure 52(b) states: "Amended or Additional Findings. On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Thus, Plaintiff's motion for relief under FRCP 52(b) is meritless.

**B. Federal Rule of Civil Procedure 60(b)**

Federal Rule of Civil Procedure 60(b) grants district courts discretion to relieve a party from a judgment or order only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse

ORDER - 2

party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Motions for relief from judgment are typically committed to the "sound discretion of the district court." *Exp. Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995).

Here, Plaintiff states he is moving for relief under Rule 60(b)(1) and (3). Rule 60(b)(1) only permits relief based on mistake, inadvertence, surprise, or excusable neglect. Plaintiff shows no manifest error or mistake in the Court's ruling, nor does he cite new facts or authority that undermine the Court's previous conclusions.

Plaintiff states that the Court erred in failing to address his request for injunctive relief and denying his requests for oral argument in conjunction with his responses to Defendant's motion for judgment on the pleadings and Defendant's motion to stay. *See* Dkts. 42, 44. He further states that Defendants improperly changed the noting date of his motion without his permission. *See* Dkt. 37. Even though none of these allegations rise to the level of manifest error, the Court will briefly discuss each point.

Plaintiff states that he filed a request for injunction along with his original complaint. This statement is not accurate. Dkt. 19. A request for injunctive relief does not appear in Plaintiff's second amended complaint. *Id*.

With respect to his request for oral argument, under Local Civil Rule 7(b)(4), "unless otherwise ordered by the court, all motions will be decided by the court *without* oral argument" (emphasis added). A party may request an oral argument, but the Court does not make any commitment, nor is there any requirement, for oral argument. *Id*. Finally, Plaintiff states that Defendant improperly re-noted his motion for leave to file an amended complaint without his permission. Plaintiff noted his motion for the day after he

ORDER - 3

filed it. Dkt. 37. Plaintiff's motion was correctly re-noted by the Clerk of the Court pursuant to Local Civil Rule 7(d). Thus, Plaintiff has failed to show that the Court committed a manifest error that would warrant post-judgment relief under FRCP 60(b)(1).

Under Rule 60(b)(3), Plaintiff is entitled to relief only when fraud, misrepresentation or misconduct is committed by the adverse party in the litigation. *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1102 (9th Cir. 2006). Plaintiff must prove this by clear and convincing evidence. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). Plaintiff has not met this burden. He provides no facts to demonstrate that the judgment entered in this case was unfairly obtained.

Accordingly, relief under FRCP 52(b) and 60(b) are not warranted in this action. Plaintiff's case remains closed.

Dated this 19th day of May, 2023.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 4